## CIRCUIT COURT OF WISE COUNTY

Commonwealth of Virginia

    v.

Morris Bellis

January 17, 1989

Case No. M88-322

By JUDGE J. ROBERT STUMP

    This is a contempt action against defendant, Dr. Morris Bellis, for failure to appear in court pursuant to a subpoena.

    Defendant was personally served with a rule to show cause why he should not be held in contempt for failure to appear in court pursuant to a subpoena in the criminal trial of *Commonwealth v. Jeffery A. Noaks.* Dr. Bellis appeared without counsel pursuant to the Rule on August 16, 1988. He waived counsel, evidence was taken, and defendant was found in contempt for failure to appear and fined $100.00. By order dated September 2, 1988, the contempt was vacated. Evidence was taken on October 17, 1988, on the motion to reconsider.

    After considering oral argument and written briefs of counsel, the court makes the following findings of fact and conclusions of law:

    A Subpoena Duces Tecum was issued by the Commonwealth's Attorney to summon Dr. Bellis and all medical records to appear in court on August 15, 1988, at 9:00 a.m. in the case of *Commonwealth v. Jeffery A. Noaks* (who was charged with malicious wounding, attempted rape, and breaking and entering).

The subpoena was received by the Wise County Sheriff's Department on August 9, 1988. The return or proof of service of process shows "Subpoena 9-10-88 delivered to person found in charge of usual place of business or employment during business hours and giving information of its purport. Pat Bevins - Sect. Dr. Bellis." The return or proof of service was signed by Bruce Rose, Sheriff, City of Norton. Sheriff Rose did not testify at the contempt hearings.

Pat Bevins, secretary and receptionist in the office of Dr. Bellis, testified that the sheriff delivered the subpoena to her on Friday, August 12, 1988, between 2:00 and 3:00 p.m.; that the office of Dr. Bellis was informed by phone from the Commonwealth's Attorney's office on Wednesday, August 10, 1988, that the subpoena was coming but that she did not inform Dr. Bellis until Friday (August 12) about the subpoena; and that the sheriff did not explain the purpose of the subpoena to her.

Dr. Bellis testified and admitted at evidentiary hearings on August 16 and October 17, 1988, that he knew on Friday afternoon, August 12th, about the subpoena and that he should be in court on Monday, August 15th.

Dr. Bellis decided to fly to Texas on personal business and deliver an airplane during the weekend of August 12 to 15. At his own choice, Dr. Bellis did not leave Texas until 11:00 a.m. EDST on Monday, August 15th, with an estimated flying time of $6\frac{1}{2}$ to 7 hours. He experienced bad weather. During the day of August 15th, he did attempt to call the Commonwealth's Attorney's office to advise of his delay. However, even if there had been no bad weather, he could not have arrived at Wise airport until 6:00 p.m. on August 15th, after the Noaks trial concluded. Defendant did not appear as a witness in court on August 15, 1988.

*Did the defendant receive proper service of process of the subpoena? Is he in contempt of the court subpoena for failure to appear?*

1. *Does Section 8.01-298 apply to the facts here? Yes.*

Virginia Code § 8.01-298 provides, "a summons for a witness . . . may be served: 1. at his or her usual place of business or employment during business hours,

by delivering a copy thereof and giving information of its purport to the person found there in charge of such business or place of employment . . . ."

Defendant argues that he, not Pat Bevins, was in charge of his office and that his secretary was not given information of the subpoena's purport. Therefore, he was not properly served per § 8.01-298.

Virginia Code § 8.01-326 provides, "No return shall be conclusive proof as to service of process. The return of a sheriff shall be prima facie evidence of the facts therein stated . . . ."

The return here shows that Pat Bevins, secretary to defendant, was the person served with the subpoena; that she was the person found in charge of his usual place of business; and that she was given information of its purport.

Prima facie evidence is evidence of facts presumed to be true unless disproved by some evidence to the contrary. Sheriff Rose was not called as a witness. Both Pat Bevins, secretary to Dr. Bellis, and Willie Jean Owens, nurse in the office of Dr. Bellis, testified that the Commonwealth's Attorney's office had notified Dr. Bellis's office on Wednesday, August 10th, of the forthcoming subpoena to be delivered by the sheriff and the upcoming trial scheduled for Monday, August 15th.

The court questions the testimony of Pat Bevins that the sheriff did not explain the meaning of the subpoena to her. But assuming the sheriff did not, she already knew to expect it, could read its simple instructions, and so advised Dr. Bellis on Friday, August 12th. Dr. Bellis admits having knowledge of the summons for his appearance in court on Monday and testified that his secretary informed him that he was scheduled to be in court on Monday, August 15th.

Defendant's further argument that Pat Bevins was not in charge of his office is not persuasive. In his absence, while Dr. Bellis was in surgery, someone must be in charge of his office and able to receive legal papers on his behalf. There is no evidence that Dr. Bellis had an office manager other than Pat Bevins, who is Dr. Bellis's secretary and receptionist. She would be the logical person in charge of his office, while he is gone. Section 8.01-298

says that the sheriff may serve "the person found there in charge of such business."

Wherefore, the court finds that the prima facie evidence in the return had not been disproved and that the subpoena was properly and legally served on Dr. Bellis pursuant to § 8.01-298.

2. *May substituted service of process be made on a witness per Section 8.01-298 in a criminal case? or rephrased: Is civil service of process per Section 8.01-298 applicable in a criminal case? Yes.*

Dr. Bellis argues that § 8.01-298 does not apply to criminal cases but is only applicable in civil cases.

He relies on § 19.2-267, which provides, "Sections 8.01-402, 8.01-405 and 8.01-407 to 8.01-410, inclusive, shall apply to a criminal as well as a civil case in all respects, except that a witness in a criminal case shall be obliged to attend and may be proceeded against for failing to do so, although there may not previously have been any payment, or tender to him of anything for attendance, mileage or tolls . . . ."

Defendant's interpretation is that § 19.2-267 does not refer to § 8.01-298, therefore substituted service is not proper on a witness in a criminal case and that there must be actual personal service on the witness. This interpretation is narrow and restricted and will not be accepted by this court. Section 19.2-267 does not apply nor refer to service of process on a witness, but generally refers to provisions (attendance fees, etc.) applicable to witnesses in criminal as well as civil cases. The fact that § 8.01-298 is not mentioned as one of the six statutes referred to in § 19.2-267 does not *per se* exclude § 8.01-298 as a substituted mode of service of process on a witness in a criminal case.

Section 8.01-298 plainly and simply states that "a summons for a witness . . . . may be served" by substituted service on a person in charge of such business of the witness. There is no limitation nor restriction as to whether or not this code section applies to criminal or civil cases. This court will therefore not prohibit its applicability in criminal cases.

However, the court notes that Title 8.01 is contained in the Civil Remedies and Procedure section of the Code. And this court could not find any statutes that govern the manner of service of process of a witness in a criminal trial. Therefore, this court opines that civil service of process here must apply to the summons of a witness in a criminal trial. This is an apparent first impression issue in Virginia. It may be so simple and understood by long standing practical use and precedent that it needs no authority nor citation. The matter may need to be addressed and clarified by the Virginia General Assembly.

Section 8.01-298 also states that this is proper service (or notice per § 8.01-285(1)) on a witness "in addition to the manner of service on natural persons prescribed in § 8.01-296," which includes substituted service by delivering a copy to a family member over the age of sixteen and by posting. In the form of dicta, this court holds that substituted service on a witness per Section 8.01-296 would also be applicable in a criminal case. The true legislative intent of the statute is to give notice to a witness that he is ordered to appear in court at a certain time and place.

Dr. Bellis argues that there must be personal service of process on a witness to appear in a criminal trial, and there can be no substituted service or notice. I disagree. To hold otherwise would cause statewide havoc in all criminal cases.

The issues of whether defendant was factually and properly served pursuant to § 8.01-298 and whether Section 8.01-298 applies to criminal cases are of no consequence in view of this court's holding in 3 below.

3. *May actual notice of the subpoena support a contempt conviction for failure to appear? Yes.*

The Virginia Supreme Court addressed this issue in *Calamos v. Commonwealth*, 184 Va. 397, 35 S.E.2d 397 at 399 (1945), where it said, "In order to punish a person for contempt of court for violation of an order, judgment, or decree, it must appear that such order, judgment, or decree has been personally served on the one charged, *or that he has had actual notice of the making of such order* or rendition of such judgment or decree." (Emphasis

mine). Affirmed and cited in *Rollins v. Commonwealth*, 211 Va. 438 at 441 (1970).

Va. Code § 18.2-456(5) provides that courts and judges may punish summarily for contempt in "Disobedience or resistance of an officer of the court, juror, witness or other person to any *lawful process*, judgment, decree or *order of the court*." (Emphasis mine). A subpoena is an order of the court.

The U.S. Supreme Court has held a subpoena to be an order of the court in *U.S. v. Bryan*, 339 U.S. 323 at 331 (1950), where it said:

> On the other hand, persons summoned as witnesses by competent authority have certain minimum duties and obligations which are necessary concessions to the public interest in the orderly operation of legislative and judicial machinery. A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase. If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures, would be a nullity. We have often iterated the importance of this public duty, which every person within the jurisdiction of the Government is bound to perform when properly summoned.

Also applicable here is Virginia Code § 8.01-288, which provides in pertinent part, "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter." Dr. Bellis admits receiving the subpoena before his scheduled and ordered court date, and he cannot now complain of the lack of proper service of process, if any.

Dr. Bellis admits that he received the subpoena and that he knew on Friday, August 12th, to appear in court on Monday, August 15th, at 9:00 a.m. However, he voluntarily proceeded on personal business to fly to Texas, realizing on Sunday night, August 14th, that he was in Texas and there was no possible way that he could

return in time to appear in court at 9:00 a.m. on Monday, August 15th. Moreover, he did not attempt to call the Commonwealth's Attorney Sunday night or early Monday morning. He flagrantly, intentionally, and knowingly disobeyed the court ordered subpoena to appear in court.

This court finds from the evidence and the law beyond a reasonable doubt that Dr. Morris Bellis is guilty of willful criminal contempt of the court in failing without adequate excuse to appear in court per a valid subpoena and after actual notice. Va. Code § 18.2-456(5).

The dignity of the court must be vindicated. Therefore, the court imposes a fine of $100.00 plus court costs on Dr. Morris Bellis for said criminal contempt.